UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHWARTZ, an individual; and BARBARA SCHWARTZ, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DR. ZACHARY LEVOKOVE, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.:  20-cv-727-WQH-LL<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion for Summary Judgment filed by Plaintiffs Mark Schwartz and Barbara Schwartz. (ECF No. 23).

**I.　BACKGROUND**

　　On April 16, 2020, Plaintiffs Mark Schwartz and Barbara Schwartz filed a Complaint against Defendants Dr. Zachary Levokove and Does 1 through 20. (ECF No. 1). Plaintiffs allege that in early 2009, Defendant Levokove requested that Plaintiffs lend him money to cover his medical malpractice insurance, to help him pay his car leases, and to "bail him out of debt." (*Id.* ¶ 15). Plaintiffs allege that Defendant Levokove "promised to repay the loans on demand at a reasonable time." (*Id.*). Plaintiffs allege that they agreed

to make the loans and loaned Defendants $180,000 via four wire transfers: (1) $45,000 on April 29, 2009; (2) $30,000 on January 21, 2011; (3) $40,000 on February 10, 2011; and (4) $65,000 on May 10, 2011. Plaintiffs allege that in July 2019, Plaintiffs demanded repayment of the loans. Plaintiffs allege that "Defendants ignored Plaintiffs['] demand," and "have made no attempts to repay the Loans to Plaintiffs." (*Id.* at 17). Plaintiffs bring claims against Defendants for breach of contract and common count under California state law. Plaintiffs seek damages and attorneys' fees and costs.

On August 31, 2020, Defendant Levokove, who was represented by counsel, filed an Answer to the Complaint. (ECF No. 5). The parties engaged in fact discovery.

On February 22, 2021, counsel for Defendant Levokove filed a Motion to Withdraw as Counsel due to Defendant Levokove's failure to communicate. (ECF No. 17). On April 8, 2021, the Court granted the Motion to Withdraw as Counsel. (ECF No. 20). The Court ordered counsel to serve a copy of the Order on Defendant Levokove and stated:

> Dr. Zachary Levokove has sixty (60) days from the date of this Order to obtain new counsel and have counsel file a notice of appearance. If no notice of appearance is filed, the Court will deem Dr. Levokove as proceeding *pro se*.

(*Id.* at 4). On April 15, 2021, counsel filed a Certificate of Service, certifying that Defendant Levokove was served with the Court's April 8, 2021 Order by email and U.S. mail. (ECF No. 21). On June 15, 2021, the Court issued an order deeming Defendant Levokove as proceeding *pro se*. (ECF No. 22).

On July 1, 2021, Plaintiffs filed a Motion for Summary Judgment. (ECF No. 23). Defendant Levokove did not file any response to the Motion for Summary Judgment. On August 12, 2021, the Court issued a Notice to Defendant, notifying Defendant Levokove of the effect of a ruling on the Motion for Summary Judgment and stating:

> Defendant's opposition to the Motion for Summary Judgment (including any supporting documents) must be filed and served on all parties by Monday, September 13, 2021. . . . If Defendant does not wish to oppose Plaintiffs' Motion, he shall file and serve a "Notice of Non-Opposition" by that same date to let the Court know that Plaintiffs' Motion is unopposed. If Defendant files and serves an opposition, Plaintiffs must file and serve a reply by

Monday, September 20, 2021. The Court will rule on the Motion for Summary Judgment thereafter.

(ECF No. 24 at 2). The docket reflects that Defendant Levokove has not filed any opposition or notice of non-opposition to the Motion for Summary Judgment.

## II.  FACTS

On April 29, 2009, Plaintiff Mark Schwartz filled out a "Wire Request Form" to transfer $45,000 to "Zachary B. Levokove, D.L., PC." (ECF No. 23-2 at 13). The form was not signed.

On February 26, 2010, Plaintiff Barbara Schwartz filled out a "Wire Request Form" to transfer $45,000. (*Id.* at 16). The "Receiver's Name" was listed as "Medical Liability Mutual Insurance." (*Id.*). The "Other Information" section stated, "From: Dr. Z Levokove." (*Id.*). The form was not signed.

On January 21, 2011, Plaintiff Mark Schwartz filled out a "Wire Request Form" to transfer $30,000 to "Zachary & Michelle Levokove." (*Id.* at 14).

On February 10, 2011, Plaintiff Mark Schwartz filled out a "Wire Request Form" to transfer $40,000 to "Zachary & Michelle Levokove." (*Id.* at 17). The form was not signed.

On May 13, 2011, Plaintiff Barbara Schwartz partially filled out a "Wire Request Form" to transfer $65,000 to "Zachary & Michelle Levokove." (*Id.* at 18). The form was not signed.

On January 6, 2021, Plaintiffs Mark Schwartz and Barbara Schwartz propounded written Interrogatories to Defendant Levokove. (*Id.* at 4). The Interrogatories requested that Defendant Levokove "state all facts" to support various contentions, denials, and affirmative defenses. (*Id.* at 5-8). Defendant Levokove did not respond to the written discovery requests.

## III.  LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

1  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
2  56(a). A material fact is one that is relevant to an element of a claim or defense and whose
3  existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co. v. Zenith*
4  *Radio Corp.*, 475 U.S. 574, 586-87 (1986). The materiality of a fact is determined by the
5  substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477
6  U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

7      The moving party has the initial burden of demonstrating that summary judgment is
8  proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). Where the party moving
9  for summary judgment bears the burden of proof at trial, the moving party "must come
10 forward with evidence which would entitle it to a directed verdict if the evidence went
11 uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).

12     If the moving party meets the initial burden, the burden shifts to the opposing party
13 to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*,
14 477 U.S. at 322, 324. A district court may not grant a motion for summary judgment solely
15 because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d
16 1488, 1494-95 & n.4 (9th Cir. 1994). However, the court may grant an unopposed motion
17 for summary judgment if the moving party's papers are themselves sufficient to support
18 the motion and do not on their face reveal a genuine issue of material fact. *See id.*

19 **IV.   DISCUSSION**

20     Plaintiffs contend that the Court should grant summary judgment in their favor on
21 both claims for breach of contract and common count. Plaintiffs contend that their
22 Statement of Undisputed Facts, the evidence of wire transfers, and the unanswered
23 Requests for Admissions that "have been deemed admitted" establish each element of
24 Plaintiffs' claims. (ECF No. 23-1 at 2).

25     Under California law, the elements of a cause of action for breach of contract are:
26 "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's
27 breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. N.Y. Times Co.*,
28 164 Cal. App. 4th 1171, 1178 (2008). In this case, Plaintiffs fail to provide evidence

supporting any element of a breach of contract claim. The assertions in Plaintiffs' Statement of Undisputed Facts are not supported with evidence. Plaintiffs have not attached any Requests for Admission to the Motion for Summary Judgment. The majority of the attached Wire Request Forms are unsigned, and none of the Wire Request Forms provide evidence that the transfers were a loan or that there was any agreement for repayment between the parties. The Court concludes that Plaintiffs fail to come forward with evidence that would entitle them to a directed verdict on the claim for breach of contract if the evidence went uncontroverted at trial.

Under California law, "a common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Util. Audit Co. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958 (2003) (quoting *Kawasho Int'l, U.S.A., Inc. v. Lakewood Pipe Serv., Inc.*, 152 Cal. App. 3d 785, 793 (1983)). The elements of a cause of action for common count are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997). In this case, the common count claim is based on the same evidence as the breach of contract claim. The evidence provided by Plaintiffs does not support a claim that Defendant Levokove is indebted to Plaintiffs or that there was any consideration given by Plaintiffs for the alleged wire transfers. The Court concludes that Plaintiffs fail to come forward with evidence that would entitle them to a directed verdict on the claim for common count if the evidence went uncontroverted at trial. Plaintiffs' Motion for Summary Judgment is denied.

///

///

///

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (ECF No. 23) is denied.

Dated: October 12, 2021

Hon. William Q. Hayes
United States District Court