UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHWARTZ, an individual; and BARBARA SCHWARTZ, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DR. ZACHARY LEVOKOVE, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-727-WQH-LL<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion for Summary Judgment filed by Plaintiffs Mark Schwartz and Barbara Schwartz. (ECF No. 29).

**I.　BACKGROUND**

　　On April 16, 2020, Plaintiffs Mark Schwartz and Barbara Schwartz filed a Complaint against Defendants Dr. Zachary Levokove and Does 1 through 20. (ECF No. 1). Plaintiffs allege that in early 2009, Defendant Levokove requested a loan from Plaintiffs to cover his medical malpractice insurance, to help him pay his car leases, and to "bail him out of debt." (*Id.* ¶ 15). Plaintiffs allege that Defendant Levokove "promised to repay the loans on demand at a reasonable time." (*Id.*). Plaintiffs allege that they agreed to make the

loans and loaned Defendant Levokove $180,000 via four wire transfers between April 29, 2009, and May 10, 2011. Plaintiffs allege that they demanded repayment of the loans in July 2019. Plaintiffs allege that Defendant Levokove "ignored Plaintiffs['] demand," and has "made no attempts to repay the Loans." (*Id.* ¶ 17). Plaintiffs bring claims against Defendant Levokove for breach of contract and common count under California state law. Plaintiffs seek damages and attorneys' fees and costs.

On August 31, 2020, Defendant Levokove filed an Answer to the Complaint. (ECF No. 5).

On February 22, 2021, counsel for Defendant Levokove filed a Motion to Withdraw as Counsel due to Defendant Levokove's failure to communicate. (ECF No. 17). On April 8, 2021, the Court granted the Motion to Withdraw as Counsel and ordered:

> Dr. Zachary Levokove has sixty (60) days from the date of this Order to obtain new counsel and have counsel file a notice of appearance. If no notice of appearance is filed, the Court will deem Dr. Levokove as proceeding *pro se*.

(ECF No. 20 at 4). On June 15, 2021, the Court issued an Order deeming Defendant Levokove as proceeding *pro se*. (ECF No. 22).

On July 1, 2021, Plaintiffs filed a Motion for Summary Judgment. (ECF No. 23). On August 12, 2021, the Court issued a Notice to Defendant, notifying Defendant Levokove of the effect of a summary judgment ruling and giving Defendant Levokove additional time to file an opposition. (ECF No. 24). Defendant Levokove did not file any opposition to the Motion for Summary Judgment. On October 13, 2021, the Court issued an Order denying the Motion for Summary Judgment, concluding that "Plaintiffs fail[ed] to provide evidence" supporting their claims for breach of contract and common count. (ECF No. 28 at 4).

On October 22, 2021, Plaintiffs filed a successive Motion for Summary Judgment.[1] (ECF No. 29). The docket reflects that Defendant Levokove has not filed any opposition to the Motion for Summary Judgment, and no appearance has been made by or on behalf of Defendant Levokove since February 2021.

On October 28, 2021, Plaintiffs filed an *Ex Parte* Motion for Entry of Default against Defendant Levokove, which remains pending. (ECF No. 31).

## II.   FACTS

Plaintiff Barbara Schwartz stated in a Declaration dated October 21, 2021:

> In early 2009, my brother, Dr. Zachary Levokove, asked me and Plaintiff Mark Schwartz for a loan to help him cover his medical malpractice insurance, his car leases, and to bail him out of debt. Plaintiff Mark Schwartz and I, (collectively "we") agreed to lend him the money, and in exchange Dr. Zachary Levokove ("Dr. Levokove") promised to repay the loans on demand within a reasonable time.

(ECF No. 29-3 at 2). Plaintiff Barbara Schwartz stated:

> The loans to Dr. Levokove were paid in several installments via wire transfer. First, on April 29, 2009, we paid Dr. Levokove $45,000. Second, on January 21, 2011, we paid Dr. Levokove $30,000. Third, on February 10, 2011, we paid Dr. Levokove $40,000. Fourth, on May 10, 2011, we paid Dr. Levokove $65,000. In total, we lent Dr. Levokove $180,000 and Defendant accepted all of this money.

(*Id.*). Plaintiff Barbara Schwartz stated, "In July of 2019, we first demanded repayment of the loan, and Defendant ignored our requests. Since then, we have asked Dr. Levokove to repay the loans on numerous occasions. To date, Dr. Levokove has not repaid the loan."

---

[1] "[D]istrict courts have discretion to permit successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). "[A] successive motion for summary judgment is particularly appropriate on an expanded factual record." (*Id.*). Plaintiffs have filed a successive Motion for Summary Judgment based on evidence that was not included with their original Motion for Summary Judgment. The Court concludes that an exercise of its discretion to consider Plaintiffs' successive Motion for Summary Judgment is appropriate in this case.

(*Id.*). Plaintiff Barbara Schwartz stated, "Dr. Levokove owes $180,000 on the principal that we lent him." (*Id.* at 3).

Several Wire Request Forms from the San Diego County Credit Union were attached to the Declaration of Plaintiff Barbara Schwartz. A Wire Request Form for $45,000 dated April 29, 2009, identified the "Sender" as "Mark Schwartz" and the "Receiver" as "Zachary B. Levokove, D.L., PC." (ECF No. 29-3 at 5). A Wire Request Form for $30,000 dated January 21, 2011, identified the "Sender" as "Mark Schwartz" and the "Receiver" as "Zachary and Michelle Levokove." (*Id.* at 6). A Wire Request Form for $40,000 dated February 10, 2011, identified the "Sender" as "Mark Schwartz" and the "Receiver" as "Zachary and Michelle Levokove." (*Id.* at 9). A Wire Request Form for $65,000 dated May 13, 2011, identified the "Sender" as "Barbara Schwartz" and the "Receiver" as "Zachary and Michelle Levokove." (*Id.* at 10).

On January 6, 2021, Plaintiffs propounded Requests for Admission on Defendant Levokove. The Requests for Admission defined "**PLAINTIFFS**" as Mark Schwartz and Barbara Schwartz. (ECF No. 29-2 at 6). The Requests for Admission defined "**YOU**" as Dr. Zachary Levokove and anyone acting on his behalf. (*Id.*). The Requests for Admission defined "**THE LOANS**" as "the series of wire transfers made by **PLAINTIFFS** to **YOU** alleged in the operative complaint." (*Id.*). The Requests for Admission stated, in relevant part:

> **REQUEST FOR ADMISSION NO. 1:**
>
> Please admit that **PLAINTIFFS** made **THE LOANS** to **YOU**.
> . . .
> **REQUEST FOR ADMISSION NO. 2:**
>
> Please admit **YOU** have made no attempts to repay **THE LOANS** since they were made.
>
> **REQUEST FOR ADMISSION NO. 3:**
>
> Please admit **YOU** were required to repay **THE LOANS** upon demand at the time **THE LOANS** were made.

4

. . .

**REQUEST FOR ADMISSION NO. 10:**

Please admit **YOU** entered a contract with **PLAINTIFFS** to repay **THE LOANS**.

**REQUEST FOR ADMISSION NO. 11:**

Please admit **YOU** presently owe **PLAINTIFFS** money.

. . .

**REQUEST FOR ADMISSION NO. 13:**

Please admit **YOU** have made no offers to repay **THE LOANS** since this matter was initiated.

(*Id.* at 6-9). Counsel for Plaintiffs stated in a Declaration dated October 22, 2021, "To date, no responses to the discovery, including the Requests for Admissions, have been received by my office." (*Id.* at 2).

### III.   LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). Where the party moving for summary judgment bears the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).

If the moving party meets the initial burden, the burden shifts to the opposing party to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). However, the court may grant an unopposed motion for summary judgment if the moving party's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See id.*

## IV.  DISCUSSION

Plaintiffs contend that they are entitled to summary judgment in their favor. Plaintiffs contend that the "Requests for Admissions have been deemed admitted, conclusively establishing that: (1) Plaintiffs made the Loans to Defendant; (2) the Loans were to be repaid upon demand; (3) Plaintiffs made such a demand; and, (4) to date, the Loans have not been repaid in any sum." (ECF No. 29-1 at 6). Plaintiffs contend that "by Defendant's own admissions and Plaintiff Barbara Schwartz' declaration, Plaintiffs have conclusively established" their claims for breach of contract and common count. (*Id.* at 9).

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters . . . relating to: (A) facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Matters deemed admitted under Rule 36 are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *O'Campo v. Hardisty*, 262 F.2d 621 (9th Cir. 1958)). In this case, Plaintiffs propounded Requests for Admission on Defendant Levokove on January 6, 2021. (*See* ECF No. 29-2 at 2). Counsel for Plaintiffs stated in a Declaration dated October 22, 2021, "To

date, no responses to the discovery, including the Requests for Admissions, have been received by my office." (*Id.*). Defendant Levokove failed to respond to the Requests for Admission within thirty days after being served. The Requests for Admission are deemed admitted under Rule 36, and the matters admitted are conclusively established.

Under California law, the elements of a cause of action for breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). In this case, Plaintiff Barbara Schwartz stated in a Declaration that Defendant Levokove asked Plaintiffs for a loan in early 2009. Plaintiff Barbara Schwartz stated that Plaintiffs "agreed to lend [Defendant Levokove] the money, and in exchange [Levokove] promised to repay the loans on demand within a reasonable time." (ECF No. 29-3 at 2). Defendant Levokove admitted that he "entered into a contract with **PLAINTIFFS**" to repay $180,000 loaned to him via four wire transfers between April 29, 2009, and May 10, 2011. (ECF No. 29-2 at 8). Plaintiffs have come forward with evidence that a contract existed between Plaintiffs and Defendant Levokove.

Plaintiff Barbara Schwartz stated in a Declaration that Plaintiffs lent Defendant Levokove $180,000. Plaintiff Barbara Schwartz stated that "[t]he loans to Dr. Levokove were paid in several installments via wire transfer" between April 29, 2009, and May 10, 2011. (ECF No. 29-3 at 2). Plaintiff Barbara Schwartz stated that Plaintiffs "first demanded repayment of the loan" in July 2019 and "have asked Dr. Levokove to repay the loans on numerous occasions" since then. (*Id.*). Four Wire Request Forms were attached to the Declaration of Plaintiff Barbara Schwartz. The forms requested the following wire transfers from Plaintiffs to Defendant Levokove: (1) $45,000 on April 29, 2009; (2) $30,000 on January 21, 2011; (3) $40,000 on February 10, 2011; and (4) $65,000 on May 13, 2011. (*See* ECF No. 29-3 at 5-10). Defendant Levokove admitted that Plaintiffs lent him $180,000 via four wire transfers between April 29, 2009, and May 10, 2011. (*See* ECF No. 29-2 at 6). Plaintiffs have come forward with evidence of their performance.

Plaintiff Barbara Schwartz stated in a Declaration that Defendant Levokove "ignored" Plaintiffs' requests for repayment and "has not repaid the loan." (ECF No. 29-3 at 2). Plaintiff Barbara Schwartz stated that Defendant Levokove "owes $180,000 on the principal that [Plaintiffs] lent him." (*Id.* at 3). Defendant Levokove admitted that he was "required to repay **THE LOANS** upon demand." (ECF No. 29-2 at 7). Defendant Levokove admitted that he has "made no attempts to repay **THE LOANS** since they were made." (*Id.* at 6). Defendant Levokove admitted that he has "made no offers to repay **THE LOANS** since this matter was initiated." (*Id.* at 8). Defendant Levokove admitted that he "presently owe[s] **PLAINTIFFS** money." (*Id.*). Plaintiffs have come forward with evidence of Defendant Levokove's breach and damage to Plaintiffs therefrom in the amount of $180,000. The Court concludes that Plaintiffs have come forward with evidence that would entitle them to a directed verdict on the claim for breach of contract, if uncontroverted at trial, and the moving papers do not on their face reveal a genuine issue of material fact. Plaintiffs are entitled to summary judgment on the claim for breach of contract.

Under California law, "a common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Util. Audit Co. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958 (2003) (quoting *Kawasho Int'l, U.S.A., Inc. v. Lakewood Pipe Serv., Inc.*, 152 Cal. App. 3d 785, 793 (1983)). The elements of a cause of action for common count are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997). In this case, the common count claim is based on the same evidence as the breach of contract claim. The Court concludes that Plaintiffs have come forward with evidence that would entitle them to a directed verdict on the claim for common count, if uncontroverted at trial, and the moving papers do not on their face reveal a genuine issue of material fact. Plaintiffs are entitled to summary judgment on the claim for common count.

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (ECF No. 29) is granted. Plaintiffs shall email a proposed judgment to efile_Hayes@casd.uscourts.gov within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs' *Ex Parte* Motion for Entry of Default (ECF No. 31) is denied as moot.

Dated: January 18, 2022

Hon. William Q. Hayes
United States District Court